# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE SETZER, | No. 3:19-CV-01806 |
| Plaintiff, | (Judge Brann) |
| v. | |
| JOHN WETZEL, | |
| Defendant. | |

## MEMORANDUM OPINION

## MARCH 27, 2020

## I. BACKGROUND

Plaintiff Jamie Setzer initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while confined at the State Correctional Institution at Camp Hill in Camp Hill, Pennsylvania.[1] On November 27, 2019, Plaintiff advised the Court of his new address at the Lehigh County Prison.[2] Since then, the Court's attempts to communicate by mail with Plaintiff have been returned as undeliverable and stamped, "Return to Sender" and marked "Not Here."[3] A review of the Pennsylvania Department of Corrections' Inmate Locator provides that Plaintiff is not in the custody of the DOC.

---

[1] *See* ECF No. 1.
[2] *See* ECF No. 8.
[3] *See* ECF No. 11.

1

## II. DISCUSSION

A review of the docket reflects that a copy of this Court's Standing Practice Order was mailed to Plaintiff on November 8, 2019.[4] The Standing Practice Order provides, in pertinent part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform eh court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.[5]

Middle District of Pennsylvania Local Rule 83.18 similarly provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the court of the litigation.

The Court notes that because Plaintiff previously notified the court when he was transferred to the Lehigh County Prison, Plaintiff was clearly aware of his responsibility to advise the Court of any change in his address. Although Plaintiff has again apparently relocated, he has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Standing Practice Order, and the Court is unable to discern where Plaintiff may be located.

---

[4] *See* ECF No. 7.
[5] *Id.*

2

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate.[6] Plaintiff's present whereabouts are unknown and he has not made any filings or otherwise communicated with the Court since November 27, 2019. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal.[7]

## III. CONCLUSION

For the foregoing reasons, this Court will dismiss this action for failure to prosecute. In the event that Plaintiff provides the Court with his current address within a reasonable period of time, this determination may be reconsidered.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).
[7] *See Poulis v. State Farm*, 747 F.2d 863 (3d Cir. 1984).